IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD HOEVER,

    Plaintiff,

v.   CASE NO. 4:14-cv-275-RH-GRJ

J. BOCKELMAN, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections presently confined at Madison Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983. Doc. 1. The complaint also incorporates a request for injunctive relief. The case is before the Court on Plaintiff's Response to the Court's Order to Show Cause Regarding Abuse of Judicial Process. (Doc. 7.) For the reasons discussed below, the Court concludes that Plaintiff has failed to show good cause for failing to truthfully fill-out the complaint form and, therefore, Plaintiff's complaint should be dismissed for abuse of the judicial process.

### DISCUSSION

On June 10, 2014, the Court ordered Plaintiff to show cause why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form. Doc. 5.

The Plaintiff is well versed in the filing requirements and the procedures in this

district for filing a prisoner civil rights case, having filed nine cases in this district since July 2011. In summary the relevant details of the other eight cases are as follows:

- *Hoever v Crews, et al.,* case no. 4:13-cv-73-RH-GRJ, filed on February 20, 2013. ("*Crews.*") The complaint in this case names twenty-four defendants who were prison personnel at Franklin C.I. and Calhoun C.I. The case was dismissed on April 25, 2014 (before the current case was filed) because the Plaintiff failed to file an amended complaint containing focused and discrete claims and instead insisted on proceeding on his complaint, which contained a "hodgepodge of unrelated claims against multiple defendants." Doc. 23

- *Hoever v. Bellelis, et al.,* case no. 4:13-cv-372-WS-CAS, filed on June 26, 2013. ( "*Bellelis*.") The complaint names seven defendants, each of whom is an employee of the DOC at Franklin C.I. The claims in this case – like all of Plaintiff's other cases – raise claims concerning a broad variety of issues including: due process violations during disciplinary proceedings, first amendment violations concerning speech as well as religion, denial of access to courts, and Eighth Amendment violations because he failed to receive one meal. The Defendants' motion to dismiss is currently pending before the Court. This case was pending when Plaintiff filed the instant case.

- *Hoever v Carraway, et al.,* case no. 4:13-cv-549-MW-GRJ, filed on September 30, 2013. ("*Carraway*.") The complaint in this case names four

defendants. The claims against one of the defendants has been dismissed because the claims did not arise out of the same transaction, occurrences or series of occurrences as the claims against the other three defendants. This case also was pending when the instant case was filed.

- *Hoever v Fletcher, et al.,* case no. 4:14-cv-220-RH-CAS, filed on May 2, 2014. ("*Fletcher.*") The case remains pending and was filed before the instant case was filed.

- *Hoever v. Howard, et al.,* case no. 4:14-cv-229-RH-GRJ, filed on May 2, 2014. ("*Howard.*") This case was dismissed on June 12, 2014 for failure to state a claim. This case was pending when Plaintiff filed the instant case.

- *Hoever v. Capers, et al.,* case no. 4:14-cv-273-WS-CAS, filed on June 6, 2014. ("*Capers.*") Although the complaint was not dismissed the Court there noted that Plaintiff had not been truthful in disclosing prior litigation and that as of June 12, 2014 Plaintiff qualifies as a three striker. This case was filed on the same day as the instant case.

- *Hoever v. Andrews, et al.,* case no. 4:14-cv-274-MW-CAS, filed on June 6, 2014. ("*Andrews.*") Plaintiff was directed to file an amended complaint and was admonished for failing to disclose truthfully prior litigation. This case also was filed on the same day as the instant case.

- *Hoever v. Parker, et al.,* case no. 5:11-cv-254-MP-GRJ, filed on July 22, 2011. ("*Parker.*") This case –like other cases filed by Plaintiff – was dismissed on October 29, 2013 because of misjoinder of unrelated claims

against numerous (17) defendants. This case was filed and dismissed before the instant case was filed.

The point of listing these cases is to underscore that the Plaintiff is fully acquainted with the Court's complaint form and knows full well the requirements in the form to list other federal litigation and to accurately disclose the status and disposition of any cases.

The Court issued the show cause order because Plaintiff only disclosed three federal cases – *Bellelis  Crews* and *Parker*.   Plaintiff failed to disclose three other federal cases – *Carraway*,  *Fletcher*, and *Howard*.  As detailed above *Carraway* was filed more than a year before the instant case and was pending when the instant case was filed. *Fletcher* was filed more than a month before the instant case was filed and was pending when the instant case was filed. *Howard* also was filed more than a month before the instant case was filed and was pending when Plaintiff filled-out the complaint form in this case.

In his response to the Court's Order to Show Cause, Plaintiff admits that he "mistakenly" failed to disclose *Carraway.* With regard to *Fletcher* and *Howard* the excuse offered by Plaintiff is that he did not have case numbers for *Fletcher* and *Howard* at the time he submitted the instant complaint for typing at his institution. According to Plaintiff, once a complaint is submitted for typing no further amendments to the complaint are permitted.  Neither reason offered by Plaintiff demonstrates good cause.

With regard to *Carraway*, Plaintiff does not offer any reason or excuse for failing

to disclose this case – a case about which he should be fully aware because the case has been pending since September 30, 2013. The Court's docket for *Carraway* reflects that there have been 41 separate docket entries, demonstrating that there has been continuing activity in that case. Most notably, however, the docket discloses that Plaintiff submitted to prison officials for filing in *Carraway* a second amended complaint on May 1, 2014 – which is four days *before* Plaintiff represents he submitted the instant case to word processing for typing.  Thus, Plaintiff's excuse that he "may have mistakenly missed to disclose [*Carraway*]" – implicitly suggesting it was an excusable error – is inconsistent with the fact that Plaintiff had just completed a 15 page second amended complaint in *Carraway* only days before he alleges when he filled-out the complaint form in the instant case. The bottom line is that the failure to disclose *Carraway* does not appear to be an innocent mistake but rather a calculated decision not to disclose *Carraway*.

The excuse offered by Plaintiff for failing to disclose *Fletcher* and *Howard* also fails to demonstrate good cause or even a credible excuse for failing to disclose these cases. According to Plaintiff, he did not disclose *Fletcher* and *Howard* because when he submitted the instant case for typing he did not know the case numbers for either *Fletcher* or *Howard*.  In Plaintiff's response he represents that he submitted this case for typing on May 5, 2014 and points to exhibit B, a word processing services request form.[1] The problem is that one month transpired between May 6, 2014 and June 6,

---

[1] Exhibit B, the Word Processing Services Request Form discloses that a civil rights complaint form was submitted for typing on May 6 and not May 5, as represented by Plaintiff.

2014, the date the instant case was filed. Indeed, Plaintiff admits in his response that he received acknowledgment from the Court of *Fletcher* on May 8, 2014 and received acknowledgment from the Court of *Howard* on May 14, 2014.  This is confirmed by the docket which reflects that in *Fletcher* Plaintiff provided prison officials with three service copies of his complaint on May 9, 2014. Similarly, in *Howard* the docket reflects that a notice was sent to Plaintiff by the clerk on May 9, 2014 and that on May 16, 2014 the Court had entered a report and recommendation, recommending that *Howard* be dismissed.

Therefore, with regard to *Fletcher* Plaintiff was fully aware that the case had been filed and was pending before the Court by no later than May 9, 2014.  As to *Howard* on some date shortly after May 16, 2014 – and most certainly before June 6, 2014 – Plaintiff was not only aware the case had been filed but was fully aware that the Court was recommending dismissal of the case.

There was absolutely nothing to prevent Plaintiff from attaching a handwritten addendum to his complaint in this case disclosing to the Court that he had filed two other cases (containing similar types of claims and complaints), one of which was still pending and one of which was the subject of a report and recommendation, recommending dismissal. This information was important for the Court to know when the Court screened the instant case. The purpose of the requirement that a *pro se* prisoner litigant disclose prior and pending cases is to assist the Court in determining whether a plaintiff is a three striker and to assist the Court in determining whether the other cases, filed by the same plaintiff, address similar issues so that the Court does

not waste its valuable time dealing with the same or similar issues multiple times. Moreover, because cases are randomly assigned the failure to disclose other litigation on the complaint form creates a very real risk that different judges may be presented with identical issues that have been addressed and resolved previously by other judges. And where, as here, multiple cases are filed within a relatively short period of time, if a plaintiff fails to disclose that other cases are pending, the Court might not be aware that cases should be transferred or even consolidated before one judge in order to maximize judicial efficiency.

As evidenced by Plaintiff's prolific litigation history during the last few years, the Plaintiff knows full well what he is doing and knows what he is required to include on a complaint form. Plaintiff failed to do so here not because of excusable oversight but because Plaintiff has attempted to obscure the fact that his multiple filings may suggest that he is an abusive filier. The Court need not determine, however, that the Plaintiff is an abusive filier because at this point in time the Plaintiff is subject to the three strikes provision of the PLRA for any future cases he may file. Nonetheless, there is no question that the Plaintiff has abused the judicial process by failing to disclose three other federal civil rights lawsuits, two of which had been filed just one month before the instant case.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL

576601 *4 (11th Cir. Feb. 10, 2011).[2]

As discussed above, the information required on the complaint form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  This is especially important in Plaintiff's case, as he has previously been warned not to file lawsuits that conglomerate unrelated claims.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.")

Accordingly, of these reasons, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for abuse of the judicial process.  Such dismissal should be without

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

prejudice to Plaintiff's right to refile his claims, but will operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 11th day of July 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.